### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:25-CV-61218-DIMITROULEAS/AUGUSTIN-BIRCH

**NIHAL MICHAEL GAUTAM,**

     **Plaintiff,**

**v.**

**BROWARD COUNTY, *et al.*,**

     **Defendants.**

_____/

### REPORT AND RECOMMENDATION TO DISMISS SECOND
### AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND

In a prior Report and Recommendation, this Court screened Plaintiff Nahal Michael Gautam's First Amended Complaint under 28 U.S.C. § 1915(e)(2) and recommended that it be dismissed without prejudice and that he be granted leave to file a Second Amended Complaint. DE 17 at 1. The Court concluded, in part, that the First Amended Complaint was a shotgun pleading and that Plaintiff named fictitious defendants without describing them in a manner that would permit them to be identified for service of process. *Id.* at 3–4. The Honorable William P. Dimitrouleas, United States District Judge, adopted the Report and Recommendation. DE 23.

Plaintiff filed a Second Amended Complaint. DE 20. The Second Amended Complaint is also a shotgun pleading, and Plaintiff has again named fictitious defendants without describing them in a manner that would permit them to be identified for service of process. Thus, the Court recommends that the Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff be granted leave to file a Third Amended Complaint.

A court has an obligation to *sua sponte* order that a shotgun pleading be corrected. *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We also remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."). A shotgun pleading violates the requirement that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018); *see* Fed. R. Civ. P. 8(a)(2) (requiring a pleading to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief"). A shotgun pleading fails to some degree to give the defendants adequate notice of the claims against them and the grounds on which each claim rests. *Vibe Micro*, 878 F.3d at 1295. Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (alterations and quotation marks omitted).

There are four basic categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). First and most commonly, a pleading is shotgun if it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* Second, a pleading is shotgun if it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third, a pleading is shotgun if it does not separate "into a different count each cause of action or claim for relief." *Id.* at 1323. Fourth and finally, a pleading is shotgun if it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Id.*  A litigant must be given at least one chance to replead to remedy a shotgun pleading. *Vibe Micro*, 878 F.3d at 1295–96.

The Second Amended Complaint is a shotgun pleading because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321.  This causes counts to have incorporated allegations that appear unconnected to the counts.  For instance, Plaintiff pleads an excessive-force count for events that occurred during his May 25 arrest, but he incorporates into that count allegations about inadequate medical care he received after his arrest.  DE 20 ¶¶ 26–33, 68.  Plaintiff also pleads a deliberate-indifference count for the inadequate medical care, but he incorporates into that count allegations about his arrest and about a prior interaction with law enforcement.  *Id.* ¶¶ 17–25, 34–40, 74.  In a Third Amended Complaint, Plaintiff must plead each cause of action or claim in a separate count.  For each count, he must list the Defendant or Defendants that he seeks to hold liable under the count.  He must include allegations showing why that Defendant or those Defendants are liable under the count and must incorporate into the count only those allegations that support the count.

The Second Amended Complaint names "John Doe Officers 1–10; John Doe Firefighters 1–3; and Jane Doe Medical Staff 1–5" among the Defendants.  DE 20 at 1.  "As a general matter, fictitious-party pleading is not permitted in federal court."  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  Fictitious-party pleading may be permitted where the plaintiff's description of the defendant is so specific that the defendant can be identified from the description for the purpose of service of process.  *Id.*; *Castle v. Cobb Cnty., Ga.*, No. 22-12156, 2023 WL 3772501, at *1 (11th Cir. June 2, 2023) ("This court has recognized an exception to the

general prohibition on fictitious party pleading when the plaintiff's description of an unnamed defendant is very specific. . . . The description of a defendant is sufficiently specific when it is clear enough to allow service of process on a defendant."). The Second Amended Complaint does not describe any of the John or Jane Doe Defendants sufficiently to permit them to be identified for service of process. If Plaintiff names John or Jane Doe Defendants in the Third Amended Complaint, he must include allegations that specifically describe each John and Jane Doe Defendant so that each can be served.

**The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at the address listed below and to make a notation of such on the docket.**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 3rd day of October, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

Copy furnished to:
Nihal Michael Gautam
840 SW 6th St.
Hallandale, FL 33009

4