AM14353631.1.2-6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

FILED BY ___ D.C.
JUL 09 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

NIHAL MICHAEL GAUTAM,

Plaintiff,

v. Case No. 0:25-cv-61218-WPD

SHERIFF GREGORY TONY, et al.,

Defendants.

---

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DE 37)**

Plaintiff Nihal Michael Gautam, *pro se*, respectfully submits these objections under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) to the Report and Recommendation entered June 24, 2026 (DE 37) (the "R&R"), which recommends dismissal of Plaintiff's Third Amended Complaint (DE 33). Plaintiff objects to the R&R's legal conclusions as to each count and respectfully requests that this Court conduct *de novo* review, decline to adopt the R&R, and permit this action to proceed.

These objections also bring to the Court's attention a development the R&R could not have accounted for: on the same day the R&R was entered, Plaintiff filed a further amended and signed pleading (DE 40) that cures, on its face, several of the specific pleading deficiencies the R&R identified. Plaintiff addresses the R&R on the merits below, and separately requests in Part V that the Court treat DE 40 as the operative complaint or grant leave to amend.

## I. STANDARD OF REVIEW

A party may object to a magistrate judge's report and recommendation, and the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). At the screening stage under 28 U.S.C. § 1915(e)(2), the Court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). A *pro se* pleading is held to a less stringent standard than one drafted by counsel and is to be liberally construed. *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022). The question is not whether the plaintiff will ultimately prevail, but whether the allegations are sufficient to state a plausible claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II. OBJECTION TO DISMISSAL OF COUNT I (FIRST AMENDMENT RETALIATION)

### A. The R&R found the causal-connection element missing; Plaintiff pleads direct evidence of the Defendants' knowledge and motive.

The R&R recommends dismissal of the retaliation claim solely on the ground that Plaintiff "did not plead nonconclusory factual allegations to plausibly show that Defendants were aware of the Sunrise case." DE 37 at 4. The R&R reasoned that the events occurred before any Sunrise defendant was served and that none of the Sunrise defendants are defendants here. *Id.*

That conclusion overlooks controlling law on how knowledge is pleaded and proved. Subjective retaliatory motive "requires that the defendants had actual knowledge of the plaintiff's protected speech, *which can be established by circumstantial evidence*." *Indigo Room, Inc. v. City of Fort Myers*, 589 F. App'x 938, 947 (11th Cir. 2014) (emphasis added). A plaintiff need not

AM14353631.1.3-6

allege that a defendant was formally served with process to allege that the defendant knew of the protected activity; service and knowledge are different things. The relevant question is whether the responding deputies knew Plaintiff was a civil-rights litigant—not whether they had been named or served in a separate suit.

Plaintiff pleads that they did know, and pleads it as fact, not inference. During the operation, and as captured on the responding deputies' body-worn cameras, deputies made statements referencing Plaintiff's pending litigation against the City of Sunrise and its pension board—including statements to the effect that Plaintiff was "suing" and was interfering with funding or money. These statements are direct evidence that the deputies knew of Plaintiff's protected activity and were motivated, at least in part, to retaliate for it. The native body-worn camera files and audio that record these statements are in Defendants' exclusive possession and control.

At the pleading stage, an allegation that the defendants verbally referenced the plaintiff's lawsuit during the challenged conduct is more than sufficient to plead actual knowledge and motive. A claim cannot be dismissed for failure to plead the defendants' knowledge where the plaintiff alleges the defendants spoke about that very knowledge on the record, and where the recording proving it is withheld by the defendants themselves. To dismiss on this ground would reward the suppression of the dispositive evidence.

**B. The disproportionate, pre-staged multi-district response independently supports the causal inference.**

Causation is further supported by the nature of the response. As pleaded, the originating call for service was classified as a "drunk pedestrian" with an explicit "no weapons" notation and concerned, at most, a customer opening a drink without paying. DE 40 ¶ 39. Yet within an

approximately two-minute window after Plaintiff activated the emergency fuel shut-off, more than twelve deputies—drawn from multiple Broward Sheriff's Office districts and units outside Deerfield Beach, including Lauderdale-by-the-Sea, Tamarac, and Special Services—converged on a single unarmed man seeking help for two dogs. DE 40 ¶¶ 40–41. A weaponless, non-violent complaint about an unpaid drink does not summon a multi-district tactical convergence in two minutes. The speed and scale of that response support a plausible inference that the deputies were pre-positioned and that the operation was directed at Plaintiff personally—consistent with retaliation—rather than a proportionate reaction to a minor public-order call. *See* DE 40 ¶ 90.

## III. OBJECTION TO THE PROBABLE-CAUSE FINDING AND ITS CASCADE (COUNTS III AND XI)

The R&R found that Plaintiff's own allegation that he activated the fuel shut-off, without a pleaded fuel emergency, gave law enforcement probable cause to believe he committed disorderly conduct under Fla. Stat. § 877.03, and that this probable cause bars his false-arrest claims and undermines the dependent counts. DE 37 at 7–8, 14. Plaintiff objects.

### A. Florida construes § 877.03 narrowly, and help-seeking does not satisfy it.

Florida's disorderly-conduct statute is narrowly construed to avoid criminalizing protected or innocuous conduct. The Florida Supreme Court has limited § 877.03 to "words which by their very utterance inflict injury or tend to incite an immediate breach of the peace," or to conduct that itself incites such a breach. *State v. Saunders*, 339 So. 2d 641, 644 (Fla. 1976). The statute does not reach conduct merely because it is unusual, loud, or attracts attention.

Plaintiff's pleaded conduct does not meet that standard. As alleged, Plaintiff spent more than thirty minutes at and around the station openly seeking emergency help—approaching Fire Rescue personnel, crossing to a nearby fire station and ringing the bell, and asking store staff,

AM14353631.1.4-6

customers, and passersby for water and for a 911 call—before he activated the shut-off. DE 40 ¶¶ 33–38. The Deerfield Beach Fire Rescue incident report corroborates that Plaintiff was alert and oriented and was "request[ing] DLE only." DE 40 ¶ 35. Activating an emergency shut-off after a prolonged, documented effort to summon aid is conduct intended to *summon* the peace, not to breach it. It caused no violence, no injury, and no property damage. DE 40 ¶ 38.

**B. Even if arguable probable cause for some public-order offense survives screening, it does not defeat the force or medical-indifference claims.**

Plaintiff recognizes that, at screening, the Court might conclude that the question of arguable probable cause for a minor public-order offense is better resolved on a developed record. Even so, that conclusion would not justify dismissal of the case. Probable cause to arrest does not authorize the use of objectively unreasonable force, *see Lee v. Ferraro*, 284 F.3d 1188, 1197–98 (11th Cir. 2002), nor does it excuse deliberate indifference to a serious medical need that arises during or after a lawful arrest. The R&R's probable-cause finding, even if left undisturbed, reaches only the false-arrest theory; it does not reach Count II (excessive force), Count V (medical indifference), or the supervisory and Monell theories that rest on those independent violations. The R&R's treatment of probable cause as defeating the entire complaint was therefore overbroad.

## IV. OBJECTION TO DISMISSAL OF THE FORCE AND MEDICAL CLAIMS (COUNTS II AND V)

**A. Excessive force: the takedown of a compliant, non-resisting man is not de minimis force.**

The R&R concluded that Deputy Magrino's takedown was permissible because Plaintiff allegedly did not comply and did not plead resulting injury. DE 37 at 6. That conclusion rests on the earlier pleading. As alleged in the operative facts, Plaintiff's movements were slow, non-

violent, made with hands raised, and directed *toward* fixed cameras and witnesses—away from concealment and away from any officer—while Plaintiff complied with commands. DE 40 ¶ 46. Deputy Magrino stated, in substance, that Plaintiff was "making him angry" before forcing Plaintiff to the ground. *Id.* Force applied to a compliant, non-threatening, non-fleeing person, motivated by an officer's stated anger rather than any security need, is not the "de minimis" force the law permits to effect an arrest. *Compare Saunders v. Duke*, 766 F.3d 1262, 1267–70 (11th Cir. 2014) (force against a non-resisting arrestee may be excessive).

**B. Excessive force: two hours of circulation-stopping restraint, with bleeding and numbness, pleads more than de minimis injury.**

As to Deputy Loaiza, the R&R applied the handcuffing cases and found no "exceptional circumstances." DE 37 at 6–7. But Plaintiff does not plead ordinary handcuffing. He pleads that restraints were kept so tight that they cut off circulation to his hands, fingers, feet, and toes for approximately two hours; that his wrists and ankles were visibly purple and bleeding; that he repeatedly complained of pain, numbness, and loss of circulation; and that Deputy Loaiza refused or failed to loosen them despite the visible injury. DE 33 ¶ 37; DE 40 ¶¶ 52, 100. The Eleventh Circuit has recognized that prolonged, injurious restraint can state an excessive-force claim. *See Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019). At the pleading stage, two hours of circulation loss with bleeding, numbness, discoloration, and an officer's refusal to loosen despite complaints is sufficient to proceed; the ultimate severity is a question for a developed record, not for screening.

**C. Deliberate indifference: contemporaneous medical recognition of a hospital-worthy injury, followed by refusal to treat or document, states a claim.**

AM14353631.1.5-6

The R&R found the medical-need allegations too "vague." DE 37 at 9–10. The operative pleading is not vague. Plaintiff alleges that at intake the medical staff member acknowledged, in substance, that Plaintiff should not have been walking in shackles and that his condition was serious enough that another nurse would have sent him to the hospital—yet no hospital referral occurred, no neutral injury photographs were preserved, and Plaintiff was instead routed deeper into the facility. DE 40 ¶¶ 55–58. A serious medical need exists where it "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Brooks v. Miller*, 78 F.4th 1267, 1284 (11th Cir. 2023). Where a *medical professional* contemporaneously recognizes that the detainee belongs in a hospital and care is nonetheless withheld, the seriousness of the need and the defendant's subjective awareness of it are both plausibly pleaded.

## V. DE 40 ALREADY CURES THE IDENTIFIED DEFICIENCIES; THE COURT SHOULD TREAT IT AS OPERATIVE OR GRANT LEAVE TO AMEND

On June 24, 2026—the same day the R&R was entered—Plaintiff filed a signed, verified further amended complaint (DE 40, with notice of filing at DE 41). DE 40 was prepared and filed before Plaintiff received the R&R, yet it independently addresses the specific deficiencies the R&R identified: it reframes the Magrino takedown to plead compliance and the absence of any security justification (¶ 46); it adds the "drunk pedestrian / no weapons" CAD classification and the multi-district disproportionality facts bearing on both probable cause and retaliatory motive (¶¶ 39–41, 90); it specifies the body-worn camera mute timestamps and the relays to and from Lieutenant Silva's vehicle (¶¶ 43–44); and it builds out the Monell notice allegations, including *Heath Box v. Broward County Sheriff's Office*, No. 0:24-cv-61734 (S.D. Fla.), in which the court declined to dismiss a structurally similar Monell theory against this same Sheriff. DE 40 ¶¶ 81, 131. (For the

Court's convenience: DE 40 renumbers the false-arrest and excessive-force claims as Counts II and III respectively, the reverse of their order in DE 33; all other counts correspond.)

Because the deficiencies the R&R identified are addressed in DE 40, dismissal of DE 33 should not result in dismissal of this action. Plaintiff respectfully requests that the Court (a) treat DE 40 as the operative complaint, or (b) in the alternative, grant Plaintiff leave to file DE 40 as a Fourth Amended Complaint under Federal Rule of Civil Procedure 15(a)(2), under which leave should be "freely give[n] … when justice so requires." Leave is particularly appropriate for a *pro se* litigant where amendment would cure the identified defects and no undue prejudice or delay would result. Dismissal with prejudice would be improper where a curative amendment is already on file.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court conduct *de novo* review, decline to adopt the Report and Recommendation (DE 37), and either deny dismissal of the Third Amended Complaint or treat DE 40 as the operative complaint or grant leave to amend, and permit this action to proceed.

Dated: July 2, 2026

Respectfully submitted,

/s/ Nihal Michael Gautam

Nihal Michael Gautam, Plaintiff *pro se*

7725 W. McDowell Rd., Apt. 3075

AM14353631.1.6-6

Phoenix, AZ 85035

nihalg5555@gmail.com | 954-489-8883

## CERTIFICATE OF SERVICE

I certify that on July ___, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court and served on all parties of record by the Court's CM/ECF system and/or by U.S. Mail in accordance with the Federal Rules of Civil Procedure.

/s/ Nihal Michael Gautam

Nihal Michael Gautam

AM14353631.1.1-6

Nihal Gautam
7725 w mcdowell rd
apt 3075
phoenix AZ 85035

0014353631000011
Clerk of Court
299 E Broward Blvd
ste 108
FORT LAUDERDALE FL 33301
USA

050 FBW4SP2 33301

SUSTAINABLE FORESTRY INITIATIVE Certified Sourcing www.forests.org SFI-01078

**Responsibly Sourced. Thoughtfully Delivered.**

This envelope is made with responsibly sourced paper
to support more sustainable direct mail.